# Herman Heinrich, Plff. in Err., v. Frederick Venter.

The act of March 28, 1814, prescribing penalties for the taking of excessive fees, was not in that particular repealed by the act of February 3, 1865.

(Decided November 9, 1885.)

Error to the Common Pleas, No. 1, of Allegheny County to review a judgment for plaintiff. Affirmed.

This action was brought by Venter against Heinrich, an alder-

Cited in Irons v. Allen, 169 Pa. 633, 32 Atl. 655; also in the opinion of the lower court in this case, 14 Pa. Co. Ct. 319; Lyons v. Means, 1 Pa. Super. Ct. 608, 17 Pa. Co. Ct. 382.

NOTE.—The act of 1814 and its supplements were repealed by the act of May 23, 1893 (P. L. 117), which failed to affix a penalty for the taking of illegal fees. An alderman commissioned after its passage was not subject to the penalty provided by the earlier act. Schultzman v. McCarthy, 5 Pa. Dist. R. 10, 16 Pa. Co. Ct. 600, 26 Pittsb. L. J. N. S. 169; Watrous v. Davis, 26 Pittsb. L. J. N. S. 161. By a subsequent enactment, May 26, 1897 (P. L. 100), a penalty of $50 is imposed for such conduct. A case stated to recover under this act, which fails to set forth that the illegal fee was received by virtue or color of office, is defective. Meiser v. Donehoo, 22 Pa. Co. Ct. 54.

man of Allegheny county, to recover the penalty prescribed by the act of 1814 for the taking of excessive fees. The defendant did not controvert any of the plaintiff's allegations at the trial, but contended that the penal clause of said act had been repealed. The court refused the defendant's points to this effect, which ruling is assigned for error.

*Burleigh & Harbison* and *J. Boyd Duff,* for plaintiff in error. —The act of 1814, including the penal clause thereof, is repealed by the subsequent legislation on the same subject. Butts v. Miller, 13 W. N. C. 448.

The act prescribing a penalty for taking illegal fees is a highly penal statute, and must receive a strict construction. Æchternacht v. Watmough, 8 Watts & S. 162; Sunbury Towboat Co. v. Heim, 33 Pittsb. L. J. 37.

The whole tendency of legislation since the passage of the act of March 28, 1814, has been to limit, modify, and repeal the harsher provisions of that act. Prior to the act of March 28, 1814, giving a penalty to the party injured, the offense of extortion by taking illegal fees was punishable only by indictment at common law. Butts v. Miller, 13 W. N. C. 448.

After the passage of this act the common-law remedy above mentioned was abrogated, and the only punishment for the taking of illegal fees was the recovery of the penalty therein mentioned. Com. v. Evans, 13 Serg. & R. 426.

Next, the act approved February 22, 1821 (P. L. 50), entitled "An Act to Alter and Amend the Fee Bill."

Section 10 establishes different fees for aldermen and justices of the peace than those prescribed by the act of March 28, 1814.

Section 14 substantially re-enacts § 25 of said act of March 28, 1814.

Section 15 expressly re-enacts § 26 of the act of March 28, 1814 (the penal section thereof), and declares the same "to be in as full force as if herein recited;" but also provides "that no action shall be sustained by virtue thereof, or by virtue of the 14th section of this act, unless the same shall be brought within six months after the cause of action shall have accrued."

Next in point of time is the act approved March 25, 1831 (P. L. 211), entitled: "An Act More Effectually to Prevent and Punish Extortion, and for Other Purposes."

This act distinctly declares that in addition to the penalties

prescribed by the acts of 1814 and 1821, the taking of illegal fees shall be punished criminally; and to our mind, unless such criminal penalty had expressly been declared to be in addition to the penalties already prescribed, this act alone would have abolished the penalties provided by said acts of 1814 and 1821. It is also to be noted that this act failed to specify any punishment for a violation of its provisions. Following this legislation is the provision found in the Penal Code of 1860 (act of March 31, 1860), "Extortion in Taking Illegal Fees."

March 31, 1860, an act was passed substantially re-enacting the act of 1831, but repealing that portion of it which declared the criminal punishment to be in addition to the penalties prescribed by the act of 1821, and affixing a specific punishment to the offense.   § 11.

In 1865 an act was passed providing a new and different fee bill for Philadelphia, re-enacting in express terms such portions of the acts of 1814 and 1821 as they intended to re-enact, but utterly failing to re-enact the penal clause thereof, and introduced no penal clause whatever, either by word or inference.   Sunbury Towboat Co. v. Heim, 33 Pittsb. L. J. 37.

The same year, this act was made the law on this subject in Allegheny county.   Hence we argue, and our contention is, that the penal clause of the acts of 1814 and 1821 is not now, and has not since 1865, at least, been in force, so far as this county is concerned.

The penalty prescribed by the act of 1814 is entirely a punishment having no relation to or connection with contract, but is totally vindictive.   Reed v. Cist, 7 Serg. & R. 183; Com. v. Evans, 13 Serg. & R. 426.

This being the case, it strikes us with additional force that the penalty of the act of 1814 is repealed at all events by the criminal act of 1860.   Else we have in this instance the anomaly of a man being punished twice for the same offense. The penalty prescribed by the act of 1860 is, of course, a punishment, a criminal punishment.

*R. B. Parkerson* and *Joseph Crown,* for defendant in error. —The plaintiff in error seems to rest his argument on the case of Butts v. Miller, 13 W. N. C. 448, entirely ignoring the three equally authoritative cases of Guy v. Crist, 28 Pittsb. L. J. 211; Hentzel v. Edgar, 26 Pittsb. L. J. 146, and O'Rourke v.

Lukens, 11 W. N. C. 269 ; in each of which it is expressly held that § 26 of act of March 28, 1814, is not repealed by the act of February 3, and of March 21, 1865.

The last clause of § 26 of the act of 1814 also makes it a misdemeanor in office for any of the judges of any court within this commonwealth, to allow any officer, under any pretense whatsoever, any fees for any service not specified in this act or some other act of assembly. Will it be contended that this also is repealed by the acts of 1865 ?

It will be observed that the act of February 3, 1865, is entitled, "An Act to Amend the Fee Bill, as to Aldermen in and for the City of Philadelphia" (extended to Allegheny county, by act of March 21, 1865).

The rule is stated by Lord MANSFIELD in Rex v. Loxdale, 1 Burr. 445 : "That all acts which relate to the same subject are to be taken together as one law."

Especially is that true when, as in this case, they are expressly declared to be amendatory or supplemental to the original act. Guy v. Crist, 28 Pittsb. L. J. 211. See Kilgore v. Com. 94 Pa. 495.

PER CURIAM :

The act of February 3, 1865, is an amendment to the act of March 28, 1814. The later act did not repeal the former, except so far as its provisions were thereby changed. The act of 1865 is ingrafted on the act of 1814, in such manner as to continue the penal provisions of the earlier act. These provisions remain unchanged. It follows the judgment is correct.

Judgment affirmed.